IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

CATHRYN BJORK, )
)
        Plaintiff, )
)
vs. ) Case No. 10-0807-CV-S-ODS
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security. )
)

**<u>ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION
AND REMANDING FOR RECONSIDERATION</u>**

     Pending is Plaintiff's request for review of the partially favorable decision issued by the Commissioner of Social Security. The ALJ found Plaintiff was disabled from December 1, 2006, through March 1, 2008. The Court agrees there is not substantial evidence in the Record to support the Commissioner's conclusion that Plaintiff's disability ended on March 2, 2008.

     Plaintiff suffered from avascular necrosis in both hips. On November 30, 2006, her orthopedist (Dr. James Brannon) determined both hips required surgery: surgery was performed on Plaintiff's right hip in March 2007 and on her left hip in August 2007. By November 2007 she was exhibiting a full range of motion in her hips, but required knee surgery. The knee surgery was performed in February 2008. By the end of February Plaintiff had a full range of motion in her knee. In May 2008, Dr. Brannon indicated it was time to consider removing the hardware that had been placed in her right hip. Plaintiff underwent surgery sometime in September or October 2008 to remove the hardware from the right hip; afterwards, she was directed not to bear any weight on her hip for at least six seeks. R. at 443-45. During the administrative hearing held on October 20, 2008, Plaintiff indicated surgery had to be arranged to remove the hardware from her left hip. R. at 43.

     There are two principal reasons why the Commissioner's final decision must be reversed. The first relates to the assessment that Plaintiff's disability ended on March ,

2008, and the second relates to the failure to consider the effect of other medical conditions.

In determining Plaintiff's disability ended on March 1, 2008, the ALJ primarily relied upon reports that Plaintiff exhibited a full range of motion in her hips. However, the mere fact that Plaintiff had a full range of motion did not mean that she was fully functional. For instance, on May 16, 2007 – two and a half months after the surgery on her right hip – Plaintiff was reported to have a full range of motion but still was not supposed to bear weight and was using a walker. R. at 338. At some point, Plaintiff was ambulatory without a walker, but that point was not when she was capable of a full range of motion. Moreover, the ALJ implicitly considered Plaintiff's treatment complete once the surgery was complete. However, Dr. Brannon's notes suggest that the treatment for avascular necrosis involved two surgeries on each hip: one to correct the problem and a second one to remove the compression fixation devices used to facilitate the healing process. Even if Plaintiff's condition had improved by March 1, 2008, she underwent surgery six or seven months later that would preclude her from bearing weight for at least six weeks – and would be required to undergo another surgery on her other hip thereafter. In May 2009, Dr. Brannon indicated Plaintiff may require additional surgery on her right hip – suggesting Plaintiff's prior surgery was not as effective as hoped. These facts strongly suggest Plaintiff was not capable of returning to work on March 2, 2008.

Plaintiff has had problems in addition to the problems with her hips. As noted earlier, Plaintiff had surgery on her right knee. She had problems with her left knee and back that also may have required surgery. R. at 43, 401, 460. In fact, in August 2008, Dr. Brannon referred Plaintiff to a neurosurgeon to evaluate whether Plaintiff required back surgery. R. at 409. There is also evidence of problems with Plaintiff's shoulder. These (and other) maladies were not fully addressed by the ALJ.

On remand, the Commissioner shall supplement the Record by, at a minimum, obtaining a Medical Source Statement from Dr. Brannon documenting Plaintiff's functional capacity on and after March 2, 2008, and any other information related to subsequent treatment of Plaintiff's hops. The Commissioner shall also consider any

2

limitations imposed by all of Plaintiff's medical and mental impairments in order to (1) ascertain whether and to what extent her functional capacity improved over time and (2) determine whether any such improvement enabled Plaintiff to perform work in the national economy.

IT IS SO ORDERED.

                                                     /s/ Ortrie D. Smith
                                                   ORTRIE D. SMITH, SENIOR JUDGE
DATE: June 16, 2011                           UNITED STATES DISTRICT COURT